MELISSA S. WOODMAN *vs.* CHARLES M. JARVIS.

The respondent in a bastardy process is not entitled to an indorser of the writ under Rev Sts. *c.* 90, upon the removal of the complainant from the Commonwealth.
Under the *St.* of 1851, *c.* 96, a bastardy process in the county of Suffolk could be brought in the justices' court only.

BASTARDY PROCESS under the Rev. Sts. *c.* 49, brought in the police court of Boston. At the trial in the superior court of Suffolk at March term 1857, the respondent objected that the complaint was improperly brought in the police court, and that he could not be holden thereon. *Abbott,* J. sustained the objec-

tion and directed a verdict for the respondent, and the complainant alleged exceptions.

In this court, *A. K. P. Joy*, for the respondent, suggested that the complainant had removed from the Commonwealth, and moved for an indorser of the writ, citing Rev. Sts. *c.* 90, § 10; *Hill* v. *Wells*, 6 Pick. 104; *Cummings* v. *Hodgdon*, 13 Met. 246; *St.* 1851, *c.* 96.

*F. W. Hurd*, for the complainant.

SHAW, C. J. This is not a case which requires an indorsement of the writ. The Rev. Sts. *c.* 90, § 10, enumerate only "all original writs, and all bills in equity." A bastardy process was originally in the nature of a police proceeding commenced by the overseers of the poor, and is still to some extent so under the Rev. Sts. *c.* 49. It is an anomalous proceeding. The great object of the *St.* of 1851, *c.* 96, was to determine the jurisdiction of these processes; and the direction that the proceedings in prosecutions under the Rev. Sts. *c.* 49, "shall be according to the course of proceedings in civil cases," does not bring them within the provision of the Rev. Sts. *c.* 90, § 10. An indorsement is not provided for in terms, and there are some reasons why it should not be in principle.        *Motion overruled.*

The exceptions were then argued by the same counsel, who cited Rev. Sts. *c.* 49, § 1; *c.* 87, § 11; *St.* 1851, *c.* 96, §§ 1, 2; *Hill* v. *Wells*, and *Cummings* v. *Hodgdon*, above cited; *Wilbur* v. *Crane*, 13 Pick. 289; *Williams* v. *Campbell*, 3 Met. 210; *Chapel* v. *White*, 3 Cush. 539; *Hyde* v. *Chapin*, 2 Cush. 79; *Smith* v. *Hayden*, 6 Cush. 112; *Jordan* v. *Dennis*, 7 Met. 590.

METCALF, J. Before the passing of the revised statutes, proceedings under the law concerning the maintenance of bastard children (*St.* 1785, *c.* 66) could be maintained only in courts of criminal jurisdiction. And the revised statutes made no change in the jurisdiction of such proceedings, except in the county of Suffolk. *Hill* v. *Wells*, 6 Pick. 104. *Cummings* v. *Hodgdon*, 13 Met. 246. *Hyde* v. *Chapin*, 2 Cush. 77. When those statutes were passed, the court of common pleas, sitting for the county of Suffolk, had no criminal jurisdiction; such

jurisdiction having been previously transferred to the municipal court, by *St.* 1799, *c.* 81. Yet the 49th chapter of these statutes, which substantially reënacted the *St.* of 1785, *c.* 66, provided that the bond, which might be required of a person accused of being the father of a bastard child, should be a bond " to appear and answer at the next court of common pleas." Thus the jurisdiction of proceedings under that chapter, in the county of Suffolk, was transferred from the municipal court, which had criminal jurisdiction only, to the court of common pleas, which had civil jurisdiction only. And so the law continued, until the enactment of *St.* 1851, *c.* 96. The first and second sections of that statute are in these terms: " The proceedings in prosecu-tions arising under the provisions of the forty-ninth chapter of the revised statutes shall be according to the course of proceed-ings in civil cases, except wherein otherwise expressly provided in the said chapter." " In all counties where separate terms of the court of common pleas are holden for the transaction of civil business and criminal business, said court shall have jurisdiction of such prosecutions at the civil terms thereof exclusively, and the same shall be returned to and entered and prosecuted at such terms only."

In the present case, the proceedings under chapter 49 were commenced, while the *St.* of 1851 was in force, by a complaint made to the police court of the city of Boston, and a warrant thereupon issued against the respondent, by that court, which has criminal jurisdiction only. Rev. Sts. *c.* 87, § 3. And it is now objected, that the complaint should have been made to the justices' court for the county of Suffolk, which by the Rev. Sts. *c.* 87, § 11, has exclusive jurisdiction, in all civil actions in that county, which is exercised by justices of the peace in other counties; that the police court had no authority to receive the complaint and issue the warrant; and that the respondent there-fore cannot be held to answer, in the superior court, on proceed-ings thus commenced.

We are of opinion that these objections are well taken and must prevail. According to " the course of proceedings in civil cases," to which the *St.* of 1851, *c.* 96, requires that the proceed-

ings under the Rev. Sts. *c.* 49, shall conform, original process is issued only by a magistrate or court that has jurisdiction of civil cases. And nothing in the latter statute is "otherwise expressly provided." The evident purpose of the *St.* of 1851 was to alter the law, and transfer the whole proceedings under the 49th chapter of the revised statutes to courts of civil jurisdiction, although some of those proceedings are required, by that chapter, to be in the forms established for criminal processes.

Since the proceedings in this case were commenced, the legislature have provided, by *St.* 1857, *c.* 300, that "the police court of Boston shall have cognizance of complaints made under the provisions of chapter forty-nine of the revised statutes, and the justices' court shall not have jurisdiction in such cases." But the same statute provides that no case pending at the time when it was passed shall be affected by it.

*Exceptions overruled.*